# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYNE ALEXANDER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO: 13-CV-0545 W (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND OR DISMISS WITHOUT PREJUDICE [DOC. 7]** |

    Pending before the Court is Plaintiff Dayne Alexander's motion to amend his Federal Tort Claim Act ("FTCA") claim form or, alternatively, dismiss this action without prejudice so he can file an amended claim. Defendant United States of America opposes.

    The Court decides the matters on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion [Doc. 7].

//
//

## I. BACKGROUND

This lawsuit arises from an injury suffered by Plaintiff Dayne Alexander while working out at the Olde Gym at the Naval Base San Diego. (*Mt.* [Doc. 7-1], p.2.) Alexander contends that while using the Maxicam Squat Rack Stairstep 2020, the machine collapsed on him resulting in a comminuted fracture of the middle third of the left femur, requiring several surgeries. (*Id.*) Alexander alleges the machine fell because it was overloaded with weights and was not bolted to the floor. (*Id.*)

Immediately following the accident, Alexander was rushed to Scripps Mercy Hospital where he underwent an emergency open reduction and internal fixations surgery. (*Mt.*, p.2.) Alexander then had a follow-up examination with Dr. Charles Roland, an orthopedic surgeon, who performed orthroscopic surgery on Alexander's left knee to clear debris and scar tissue related to the injuries. (*Id.*) Alexander was then referred to physical therapy. (*Id.*)

On March 7, 2012, Alexander filed a claim for $850,000 in damages with Defendant (the "Claim") under the FTCA. Defendant denied the claim and on March 8, 2013, Alexander filed this lawsuit.

Following Defendant's denial of the Claim, Alexander alleges that Dr. Roland prepared a report that "provided Plaintiff with a course of future medical care that plaintiff was unaware of at the time the Claim for damages was filed." (*Mt.*, p.3.) According to Dr. Roland's June 3, 2013 report, Alexander will require at least four future surgeries, and additional periods of recovery during which he will not be able to work. (*Id.*, pp. 3–4; Ex. [Doc. 7-2].) Alexander, therefore, intends to seek $6,000,000 in damages against Defendant. Because his Claim only sought $850,000 in damages, Alexander seeks "leave to amend claim" or to dismiss the Complaint without prejudice to file a new claim.

//
//
//

## II. DISCUSSION

### A. This Court lacks the authority to amend Alexander's Claim.

Alexander requests "leave to amend his Claim" based on the information he received after his Claim was rejected. (M*t*., p.1.) However, Alexander has failed to establish this Court's authority to grant him leave to amend his Claim.

Although Alexander's request is somewhat unclear, he appears to be seeking an order that essentially deems his Claim "amended" so as to include his $6,000,000 damage claim, and preclude Defendant from challenging any subsequent award exceeding $850,000 – the amount sought in the current Claim. However, Alexander has failed to identify any rule or statute authorizing a motion in district court to amend an FTCA claim form.

Alexander's motion cites Federal Rule of Civil Procedure 15(a) as authority for his motion. But Rule 15 applies to the amendment of "pleadings," which are defined as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). An FTCA claim form is not a "pleading." Accordingly, Rule 15(a) does not govern his motion and does not give district court's discretion to allow a plaintiff to amend a claim.

Moreover, the Court is unaware of any rule or statute granting a district court authority to amend an FTCA claim. No such authority exists in 28 U.S.C. § 2675(a), which specifically provides that a claim must be filed with "the appropriate Federal agency" before a lawsuit may be filed. See 28 U.S.C. § 2675(a). Moreover, allowing a plaintiff to amend a claim form in district court would be inconsistent with the FTCA's purpose of giving the Federal agency the ability to evaluate the claim before litigation is filed. See Furman v. U.S. Postal Service, 349 F.Supp.2d 553, 557 (E.D.N.Y. 2004).

Notwithstanding the lack of authority to grant Alexander leave to amend his claim, 28 U.S.C. § 2675(b) would allow Alexander's damage award to exceed $850,000

if "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." However, this determination generally appears to be made at trial, not at the start of the litigation before discovery has been conducted. Indeed, all of the cases Alexander cites in support of his motion involve determinations made at trial.

In <u>Fraysier v. United States</u>, 766 F.2d 478 (11th Cir. 1985), the district court's determination that the permanence of plaintiff's injury was based on newly discovered evidence was made after trial. <u>Id.</u> at 480–481. In <u>United States v. Alexander</u>, 238 F.2d 314 (5th Cir. 1956), the district court's determined after a bench trial that when plaintiff's claim was filed, he did not know his shoulder injury would require surgery. <u>Id.</u>, at 316. And in <u>Michels v. United States</u>, 31 F.3d 686 (8th Cir. 1994), the district court determined that plaintiff's increased damage claims was based on newly discovered evidence after a bench trial. <u>Id.</u>, at 687.

Nor has this Court found any other case in which the determination about whether the increased damages was based on newly discovered evidence or intervening facts was made before trial. See <u>Reilly v. United States</u>, 863 F.2d 149 (1st Cir. 1988) (reversal of district court's finding during bench trial that expert's confirmation that the worst possibilities about infant's multiple disabilities due to medical malpractice was newly discovered evidence); <u>Low v. United States</u>, 795 F.2d 466 (5th Cir. 1986) (reversing district court's determination made at time judgment entered and after hearing treating physician's testimony).

The Court also believes that evaluating whether Alexander's increased damages are based on newly discovered evidence at this stage in the litigation would be prejudicial to Defendant. Alexander's motion is based on Dr. Roland's June 3, 2013 report that discusses Alexander's medical condition and his need for future surgeries and rehabilitation. (*See Mt.*, Ex.) However, the report does not indicate what Dr. Roland told Alexander before March 2012. And Defendant has not had the

1  opportunity to conduct discovery on this issue, which is relevant to the determination
2  of whether Alexander's increased damage claim is based on "newly discovered"
3  evidence. Therefore, until Defendant has had an opportunity to conduct discovery, any
4  determination of whether Alexander may recover more than $850,000 is premature.

6  **B.   Alexander may request a dismissal without prejudice.**

7  Alternatively, Alexander seeks leave to dismiss the case without prejudice so that
8  he may present a new FTCA claim to Defendant. Defendant contends that allowing
9  Alexander to dismiss without imposing a limitation on the amount of damages he may
10 seek in future litigation will "only incentivize Plaintiff to voluntarily dismiss complaints
11 as long as he could file a new complaint above $850,000, and up to $6,000,000," which
12 would "severely disrupt judicial time and efficiency ...." (*Opp.* [Doc. 9], p.6.) The
13 Court is not persuaded by Defendant's argument.
14 Generally, a voluntary dismissal should be granted unless the defendant will suffer
15 prejudice or other legal harm. See Holiday Queen Land Corp. v. Baker, 489 F.2d 1031,
16 1032 (5th Cir. 1974). Here, Defendant has not identified any prejudice or other legal
17 harm that it would suffer if the case was dismissed without prejudice so that Alexander
18 could file a new claim. Indeed, given that Alexander raised the issue of amending his
19 claim approximately three months after the lawsuit was filed (*see Judge Stormes' 6/17/13*
20 *minute order* [Doc. Entry 6]), that discovery has not yet begun, and that no dispositive
21 motions have been filed, the Court fails to see any prejudice or legal harm to Defendant
22 by Alexander's dismissal of the case without prejudice. Accordingly, Alexander may
23 obtain a dismissal of the lawsuit without prejudice in order to pursue a new or amended
24 claim.
25 //
26 //
27 //
28

1 | **III.   CONCLUSION & ORDER**

2       For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN
PART** Plaintiff Dayne Alexander's motion [Doc. 7]. Alexander may proceed with this litigation and seek a determination about whether his increased damage claim is based on newly discovered evidence at the appropriate time. Alternatively, Alexander may file a request for voluntary dismissal without prejudice, and the Court will issue an order dismissing the case without prejudice. If Alexander chooses to voluntarily dismiss this case without prejudice, he must file the request on or before **January 17, 2013**.

    **IT IS SO ORDERED.**

DATED: December 18, 2013

_____
Hon. Thomas J. Whelan
United States District Judge